UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JANET KISELICKA, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>PROHEALTH CARE, INC.,<br><br>    Defendant. | Case No.: 21-cv-674<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Wisconsin Wage Payment and Collection Laws, Wis. Stat. § 103.001 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 109.01 *et seq.*, Wis. Admin. Code DWD § 274.01 *et seq.*, and Wis. Admin. Code DWD § 272.001 *et seq.* ("WWPCL").

## JURISDICTION AND VENUE

2. This Court has jurisdiction to grant the relief sought by Plaintiff pursuant to pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

3. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391(a) & (c) because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district and the parties reside in this judicial district. Defendant regularly conduct business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## PARTIES

5. Plaintiff Janet Kiselicka is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

6. Plaintiff is an "employee" as defined by 29 U.S.C. § 203(e)(1), in that Defendant permitted Plaintiff to perform work for Defendant in the capacity of a Licensed Practical Nurse ("LPN"), as well as Wis. Stats. §§ 103.001(5), 104.01(2), & 109.01(1r).

7. As required by 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a party plaintiff in this action and the written consent form is attached hereto as Exhibit A.

8. Defendant ProHealth Care, Inc. ("ProHealth") is a domestic business corporation with its principal place of business located at N17 24100 Riverwood Drive, Suite 130, Waukesha, Wisconsin 53188.

9. ProHealth operates a network of healthcare providers located at various facilities throughout southeast Wisconsin, including Waukesha Memorial Hospital, Oconomowoc Memorial Hospital, as well as other clinics and physician groups. Upon information and belief, ProHealth maintains an operating profit of roughly $50,000,000 annually.

10. ProHealth is an "employer" as defined by 29 U.S.C. § 203(d) and Wis. Stat. §§ 103.001(6) & 109.01(2) in that ProHealth permitted Plaintiff to work as an LPN.

## FACTS

11. Plaintiff was employed by ProHealth as a LPN at ProHealth's New Berlin location from roughly 2000 through 2021, after which she retired. While Plaintiff was employed with ProHealth, she was compensated at an hourly rate ranging from $15-24 per hour.

12. On or around 2017, management implemented various new policies and practices with respect to the assignment of LPNs and other staff members to the supervision of designated

2

physicians. As a result of these changes, LPNs were regularly assigned more work than they could reasonably complete during their assigned shifts.

13. Additionally, LPNs were subject to policy by which one half of an hour was automatically deducted from each shift worked, which purportedly accounted for a meal period. Furthermore, LPNs were subject to a policy by which they were prohibited from punching-in early and required to provide a written explanation for all time worked after the end of their designated shift.

14. As a result of ProHealth's policies and practices, Plaintiff and other LPNs routinely worked through their meal break and performed work before and after their designated shift times.

15. As a result of ProHealth's policies and practices, Plaintiff generally worked through every meal break. Indeed, Plaintiff was required to respond to calls for assistance from her lead physician during her meal periods.

16. As a result of ProHealth's policies and practices, Plaintiff generally began work at least fifteen minutes prior to punching-in and often also worked fifteen minutes after she punched-out.

17. Although Plaintiff was regularly scheduled to work between thirty and forty hours per week, as a result of ProHealth's policies and practices, Plaintiff routinely worked in excess of 40 hours a week after ProHealth implemented the above-referenced policy changes.

18. Plaintiff received no additional compensation for any of the hours worked in excess of forty hours per week. Indeed, Plaintiff was not compensated at all for work she performed during a purported meal break and the time she spent working prior to punching-in and after punching-out.

19. Additionally, upon information and belief, ProHealth failed to include all forms of non-discretionary compensation – in particular, a once annual "gain share" – in LPNs' regular rate of pay for overtime calculation and compensation purposes during workweeks when Plaintiff and other LPNs worked more than forty (40) hours during the representative time period that the monetary bonuses, incentives, awards, and/or other rewards and payments covered.

20. 29 U.S.C. § 207(a)(1) provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

21. 29 U.S.C. § 215(a)(5) provides that it shall be unlawful "to violate any of the provisions of section 211(c) of this title."

22. Wis. Stats. § 103.02 provides:

> No person may be employed or be permitted to work in any place of employment or at any employment for such period of time during any day, night or week, as is dangerous or prejudicial to the person's life, health, safety or welfare. The department shall investigate, ascertain, determine and fix such reasonable classification, and promulgate rules fixing a period of time, or hours of beginning and ending work during any day, night or week, which shall be necessary to protect the life, health, safety or welfare of any person, or to carry out the purposes of ss. 103.01 to 103.03. The department shall, by rule, classify such periods of time into periods to be paid for at regular rates and periods to be paid for at the rate of at least one and one-half times the regular rates. Such investigations, classifications and orders shall be made as provided in s. 103.005 and the penalties under s. 103.005 (12) shall apply to and be imposed for any violation of ss. 103.01 to 103.03….

23. Wis. Stats. § 109.03, in relevant part, provides: "Every employer shall as often as monthly pay to every employee engaged in the employer's business, except those employees engaged in logging operations and farm labor, all wages earned by the employee to a day not more than 31 days prior to the date of payment."

24. Wis. Admin. Code § DWD 272.12 provides:

(1) PRINCIPLES FOR DETERMINATION OF HOURS WORKED.

(a) General requirements of sections.

1. Employees subject to the statutes must be paid for all time spent in "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer's business." The workweek ordinarily includes "all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place."

2. "Workday," in general, means the period between "the time on any particular workday at which such employee commences their principal activity or activities" and "the time on any particular workday at which they cease such principal activity or activities." The "workday" may thus be longer than the employee's scheduled shift, hours, tour of duty, or time on the production line. Also, its duration may vary from day to day depending upon when the employee commences or ceases their "principal" activities.

(2) APPLICATION OF PRINCIPLES.

…

(c) Rest and meal periods.

1. Rest. Rest periods of short duration, running less than 30 minutes are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

2. Meal. Bona fide meal periods of 30 minutes or more are not work time. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. The employee is not relieved if they are required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at their desk or a factory worker who is required to be at their machine is working while eating.

25. Wis. Admin. Code § DWD 274.03 provides: "Except as provided in s. DWD 274.08, each employer subject to this chapter shall pay to each employee time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week."

5

## COUNT I - FLSA

26. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

27. By automatically deducting a half-hour from each shift for a meal break when Plaintiff and class members did not actually take such a meal break, Defendant failed to compensate employees at a rate of one and one-half times the regular rate of pay for all hours worked in excess of forty hours per week.

28. Defendant thereby violated 29 U.S.C. § 207(a)(1).

29. Defendant knew and/or showed reckless disregard for whether its conduct violated the FLSA.

## COUNT II - WWPCL

30. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

31. By automatically deducting a half-hour from each shift for a meal break when Plaintiff and class members did not actually take such a meal break, Defendant failed to compensate Plaintiff and other LPNs for all hours worked and failed to compensate Plaintiff and other LPNs at a rate of one and one-half times the regular rate of pay for all hours worked in excess of forty hours per week.

32. Defendant thereby violated Wis. Stats. §§ 103.02 and 109.03 as well as Wis. Admin. Code §§ DWD 272.12 and 274.03.

33. Defendant knew and/or showed reckless disregard for whether its conduct violated the WWPCL.

## COUNT III - FLSA

34. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

35. By prohibiting employees from punching-in before their scheduled shift and requiring a written explanation when punching out after the scheduled shift, Defendant failed to compensate Plaintiff and other LPNs at a rate of one and one-half times the regular rate of pay for all hours worked in excess of forty hours per week.

36. Defendant thereby violated 29 U.S.C. § 207(a)(1).

37. Defendant knew and/or showed reckless disregard for whether its conduct violated the FLSA.

## COUNT IV - WWPCL

38. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

39. By prohibiting employees from punching-in before their scheduled shift and requiring a written explanation when punching out after the scheduled shift, Defendant failed to compensate Plaintiff and other LPNs for all hours worked and failed to compensate Plaintiff and other LPNs at a rate of one and one-half times the regular rate of pay for all hours worked in excess of forty hours per week.

40. Defendant thereby violated Wis. Stats. §§ 103.02 and 109.03 as well as Wis. Admin. Code §§ DWD 272.12 and 274.03.

41. Defendant knew and/or showed reckless disregard for whether its conduct violated the WWPCL.

## COUNT V - FLSA

42. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

43. By failing to account for non-discretionary bonuses in determining employees' regular rate of pay, Defendant failed to compensate Plaintiff and other LPNs at a rate of one and one-half times the regular rate of pay for all hours worked in excess of forty hours per week.

44. Defendant thereby violated 29 U.S.C. § 207(a)(1).

45. Defendant knew and/or showed reckless disregard for whether its conduct violated the FLSA.

## COUNT VI - WWPCL

46. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

47. By failing to account for non-discretionary bonuses in determining employees' regular rate of pay, Defendant failed to compensate Plaintiff and other LPNs at a rate of one and one-half times the regular rate of pay for all hours worked in excess of forty hours per week.

48. Defendant thereby violated Wis. Stats. §§ 103.02 and 109.03 as well as Wis. Admin. Code §§ DWD 272.12 and 274.03.

49. Defendant knew and/or showed reckless disregard for whether its conduct violated the WWPCL.

## CLASS ALLEGATIONS

50. Plaintiff brings this action on behalf of a collective action/class, consisting of: (a) all natural persons in the state of Wisconsin, (b) who were employed by ProHealth as LPNs, (c) for any period from May 28, 2018 through the present.

51. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

52. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

53. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

54. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

55. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

56. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff for:

(a) actual damages;

(b) statutory damages;

(c) attorney fees and litigation costs; and

(d) such other or further relief as the Court deems proper.

Dated: May 28, 2021  **ADEMI LLP**

By: /s/ Ben J. Slatky
Shpetim Ademi (SBN 1026973)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
Phone No.: 414.482.8000
Fax No.: 414.482.8001
bslatky@ademilaw.com